IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Todd McElroy, ) | C/A No.: 3:23-4722-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND NOTICE |
| City of Cayce Department of Public ) | |
| Safety, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Todd McElroy ("Plaintiff"), proceeding pro se, sues City of Cayce Department of Public Safety alleging violation of The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101(b)(1), et seq. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff alleges he is deaf and attaches a "class description" for a job of "Crew Member I" that lists the following sensory requirements: "The job requires normal visual acuity, field of vision, hearing, speaking, color perception, sense of smell, depth perception and texture perception." [ECF No. 1 at 6;1-1 at 6]. Plaintiff states "It is illegal for an employer to publish a job advertisement that shows a preference for or discourages someone [from]

applying fo[r] a job because of his or her disability." [ECF No. 1 at 6]. He alleges "I was not allowed to get an application." *Id.* at 7. He seeks $25,000 in damages.

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings

2

means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To state an ADA claim, McElroy must allege that he has a disability recognized by the ADA, is qualified, with or without reasonable accommodation, to perform the essential functions of his job, and suffered an adverse employment action due to his disability. *See* 42 U.S.C. 12112(a). Under the ADA, "[t]he term 'disability' means... (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). A person is " 'regarded as having ... an impairment [protected by the ADA]' if the individual establishes that he or she has been subjected to an action prohibited [by the ADA] because of an actual or perceived physical or mental impairment[, that is not transitory or minor,] whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3).

Here, Plaintiff Plaintiff's complaint contains legal conclusions, but he does not provide factual allegations necessary to state a claim. For instance, although he provides the "Class Description," which Plaintiff alleges is a job advertisement, Plaintiff provides no details regarding when and where the alleged advertisement was publicized. Plaintiff alleges he was denied an application, but he provides no details as to how and when he requested an application. Further, the alleged job advertisement states Defendant is an Equal Opportunity Employer and that prospective and current employees are invited to discuss accommodations. Plaintiff provides no discussion of whether he requested accommodations.[1] Plaintiff also does not discuss whether he was otherwise qualified for the position.[2]

Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] The undersigned notes Plaintiff's application to proceed in forma pauperis indicates he receives Social Security Disability Insurance. Depending on the circumstances, Plaintiff's award of SSDI may be invalidated by success on the instant claim.

[2] For instance, it appears that a valid South Carolina license is required for the position. [ECF No. 1-1 at 6]. Plaintiff's address is from Georgia, and he does not state whether he possesses a South Carolina license. The job also requires that the applicant "live within a 15-mile radius of the Utility compound on Old Dunbar Road." *Id.* at 8.

Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **October 19, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

September 28, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge