

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| TODD MCELROY, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION 3:23-4722-MGL |
| § | | |
| CITY OF CAYCE DEPT. PUBLIC SAFETY, § | | |
| § | | |
| Defendant. § | | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THIS MATTER WITH PREJUDICE

Plaintiff Todd McElroy (McElroy) filed this lawsuit against Defendant City of Cayce Dept. Public Safety (CDPS). McElroy is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this matter be dismissed without leave for further amendment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 11, 2023, and McElroy filed his objections on October 17, 2023. The Court has carefully considered McElroy's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

McElroy "alleges he is deaf and attaches a 'class description' for a job of 'Crew Member I' that lists the following sensory requirements: 'The job requires normal visual acuity, field of vision, hearing, speaking, color perception, sense of smell, depth perception and texture perception.'" Report at 1 (citation omitted).

He "states 'It is illegal for an employer to publish a job advertisement that shows a preference for or discourages someone [from] applying fo[r] a job because of his or her disability.' He alleges 'I was not allowed to get an application.' He seeks $25,000 in damages." *Id*. at 2 (citations omitted). The Court construes this to be an ADA failure-to-hire claim.

Although McElroy fails to present any specific objections to the Report, in an abundance of caution, the Court will briefly address the three arguments he makes in his objections.

First, McElroy states the Magistrate Judge "did not agree with the US Supreme Court cases binding (mandatory). She discriminated against the 'disabled' under the Americans with Disabilities Act of 1990 (ADA)." Objections at 1.

"To evaluate the merits of a failure-to-hire claim brought under the ADA, an inquiring court must ask three questions: (1) Did the disappointed applicant have a disability? (2) Was the applicant an otherwise qualified individual? (3) Did the employer discriminate against the applicant on the basis of that disability?" *Gillen v. Fallon Ambulance Service, Inc.*, 283 F.3d 11, 20 (1st Cir. 2002).

As the Magistrate Judge noted, McElroy "has not alleged he is [otherwise] qualified, with or without a reasonable accommodation, to perform the essential functions of the job. For instance, it appears that a valid South Carolina license is required for the position." Report at 4 (citation omitted). McElroy's "address is from Georgia, and he does not state whether he possesses a South

2

Carolina license. The job also requires that the applicant 'live within a 15-mile radius of the Utility compound on Old Dunbar Road.'" *Id*. (citation omitted) (internal quotation marks omitted).

In McElroy's objections, he neglects to address whether he is otherwise qualified for the "Crew Member I" job. As such, he has failed to demonstrate he has a colorable ADA failure-to-hire claim. Therefore, the Court will overrule this objection.

Second, McElroy contends CDPS "violated 19-702.0l(H) below 'Prohibited Employment Policies/Practices' guideline under the law enforced by EEOC, it is illegal for [CDPS] to publish a job advertisement that shows a preference for or discourages someone from applying for a job because of his or her disability in Prohibited Employment Policies/Practices." Objections at 1 (emphasis omitted).

As per Section 19-702.0l(H) of the State Human Resources Regulations:

> The Division of State Human Resources [(DSHR)] is authorized to delegate to agencies by written agreement classification programs that are described in this Regulation. Agencies with a delegation agreement shall comply with all State and federal laws and regulations, Department of Administration policies and guidelines, and the provisions contained in the delegation agreement. The delegation agreement shall constitute a contractual relationship between DSHR and the requesting agency and may be terminated or altered at the discretion of DSHR.

https://www.admin.sc.gov/sites/admin/files/Documents/StateHR/State_Human_Resources_Regulations.pdf at 13 (last accessed on May 6, 2024).

McElroy has failed to establish what sort of claim he might have under this state regulation. Accordingly, the Court will also overrule this objection.

Third, according to McElroy, he "countered in his own court papers that the language of the ADA allows for him to be 'disabled' and therefore subject to discrimination on that basis to sue an entity that has violated the law. Without a lawsuit, [CDPS] would have no incentive to follow the ADA." Objections at 2.

McElroy may well be disabled under the ADA. But, as the Court noted above, to bring a successful ADA failure-to-hire claim here, he must first be able to show he is otherwise qualified to be hired for the "Crew Member I" position. But, he has failed to do that here. Consequently, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules McElroy's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this matter is **DISMISSED WITH PREJUDICE** and without leave for further amendment.

**IT IS SO ORDERED**.

Signed this 8th day of May, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

McElroy is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.